UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO D. PENNYMAN,<br><br>  Petitioner,<br><br>  v.<br><br>GIGI MATTESON,<br><br>  Respondent. | No. 2:23-CV-02588 AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges an October 2021 disciplinary conviction for possession of a cell phone for which he was assessed a 61-day credit loss. Respondent has moved to dismiss the petition on the basis that the disciplinary challenge is not cognizable in this habeas corpus proceeding. ECF No. 10. For the reasons that follow, the undersigned recommends granting respondent's motion to dismiss.

I.   Factual and Procedural History

On February 17, 1995, petitioner was sentenced to life with the possibility of parole by the Alameda County Superior Court. ECF No. 10 at 7-9 (Abstract of Judgment).[1] He does not have

---

[1] Since this information was not included in the federal habeas petition, respondent requests that the court take judicial notice of the state court documents which were attached to the motion to dismiss. Petitioner attached these same documents to his opposition to the motion to dismiss. ECF No. 14 at 5-7. The court grants respondent's request and takes judicial notice of the state

1

1  a fixed release date, but will be released from prison when the Board of Parole Hearings ("BPH")

2  determines that he is suitable for parole.  See Cal. Penal Code § 3041; Cal. Code Regs. Tit. 15, §

3  2402.

4        On November 9, 2021, petitioner sustained a disciplinary conviction for possession of a

5  cell phone and was assessed a 61-day loss of custody credits.  ECF No. 14 at 9-22 (Rules

6  Violation Report).  Petitioner filed various state habeas petitions challenging this disciplinary

7  conviction.  See ECF No. 1 at 1-6.

8        Petitioner filed the instant habeas corpus application on November 1, 2023, asserting a

9  due process challenge to his disciplinary conviction on the grounds that it was not heard by an

10 impartial disciplinary committee.[2]  ECF No. 1 at 7.

11       Respondent filed a motion to dismiss on February 22, 2024 asserting that the challenge to

12 petitioner's disciplinary conviction is not reviewable in a habeas corpus action because it does not

13 affect the fact or duration of petitioner's confinement.[3]  ECF No. 10.

14       Petitioner filed an opposition to the motion to dismiss, contending in conclusory terms

15 that his disciplinary conviction delays his parole release by 3 to 7 years.  ECF No. 14 at 2.

16 Attached to the opposition is the complete Rules Violation Report that led to the petitioner's

17 disciplinary conviction.  ECF No. 14 at 9-22.

18       II.      Scope of Federal habeas Corpus Jurisdiction

19       Claims in a federal habeas petition must lie at the core of habeas corpus in order to

20 proceed.  See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Nettles v. Grounds, 830 F.3d 922,

21 931 (9th Cir. 2016) (en banc), cert. denied, 580 U.S. 1063 (2017).  Specifically, habeas

22 jurisdiction extends only to claims challenging the validity or actual duration of a prisoner's

23 confinement.  Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d

24 1127, 1137 (9th Cir. 2018).  This requirement is readily met when a prisoner challenges his

---

court records.  See Fed. R. Evid. 201.

[2] The filing date of petitioner's pleading was calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

[3] Respondent also contends that the petition should be dismissed because petitioner did not sufficiently plead facts demonstrating his entitlement to relief.  Because the jurisdictional issue is dispositive, the court does not address that issue.

1  conviction or sentence. When the challenge is to internal prison disciplinary proceedings,
2  however, habeas jurisdiction exists only if success on petitioner's claims would necessarily result
3  in his speedier release from custody. Nettles, 830 F.3d at 934-35; see also Ramirez v. Galaza,
4  334 F.3d 850, 859 (9th Cir. 2003).

5        The Ninth Circuit has found habeas jurisdiction lacking where a California petitioner was
6  serving an indeterminate sentence and had not been found suitable for parole. Nettles, 830 F.3d
7  at 934-35. In such circumstances, expungement of disciplinary findings and restoration of credits
8  might increase the likelihood of a future grant of parole, but would not guarantee parole or
9  otherwise "necessarily result in speedier release" under state law. Id.

10        III.    Analysis

11        This court can entertain petitioner's challenge to his 2021 prison disciplinary proceeding
12  only if its outcome has a necessary effect on the duration of petitioner's confinement. See
13  Skinner v. Switzer, 562 U.S. 521, 525 & n.13 (2011) (federal habeas jurisdiction lies only where
14  success on claim would "necessarily spell speedier release from prison") (internal quotations
15  omitted). A 61-day credit loss can have a "necessary" effect on the duration of confinement only
16  if there is an otherwise certain release date which is necessarily postponed as the result of credit
17  recalculation. In California this requires either a determinate sentence or, in the case of an
18  indeterminately sentenced inmate, a prior finding of parole suitability. See Nettles, 830 F.3d at
19  934-35. Because petitioner is serving an indeterminate life sentence, and has not previously been
20  found suitable for parole and granted a concrete release date, his credit forfeiture can have no
21  more than an attenuated or speculative relationship to the ultimate duration of his incarceration.
22  See id. at 935 (because future parole suitability decisions turn on multiple factors, "the presence
23  of a disciplinary infraction does not compel the denial of parole, nor does the absence of an
24  infraction compel the grant of parole."); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir.
25  1997) (recognizing that relief which would improve future parole eligibility does not "*guarantee*
26  parole or necessarily shorten… prison sentences by a single day.")

27        Because restoration of petitioner's forfeited good time credits would not "necessarily spell
28  speedier release from prison," his challenge to the disciplinary hearing falls outside the core of

federal habeas corpus. See Nettles, 830 F.3d at 934-35. The petition should be denied on that basis.

Although this court has discretion to construe petitioner's habeas application as a civil rights action pursuant to 42 U.S.C. § 1983, the undersigned recommends declining to do so in this case. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006). Due to the Prison Litigation Reform Act's filing fee requirements, its provisions requiring sua sponte screening of complaints, and its limits on the number of actions a prisoner may be permitted to file in forma pauperis, a prisoner should not be obligated to proceed with a civil rights action unless he or she clearly expresses a desire to do so. See 28 U.S.C. §§ 1915 & 1915A; 42 U.S.C. § 1997e. In this case, the court does not recommend recharacterizing petitioner's habeas application as a federal civil rights action. Instead, it is recommended that the habeas corpus petition be dismissed without prejudice to filing a § 1983 action should petitioner choose to do so.

### IV. Plain Language Summary for Pro Se Party

Since you are acting as your own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the motion to dismiss and your opposition, and concludes that the challenge to your disciplinary conviction is not something you can present in a habeas petition. It is recommended that your petition be dismissed without prejudice to the filing of a federal civil rights action.

If you disagree with this recommendation, you have 14 days to file a written explanation why it is wrong. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will review any objections and make the final decision.

////

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted.
2. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed without prejudice to refiling as a 42 U.S.C. § 1983 action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE